IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| SUZIE L. FOWLER, a single person, | ) | No. 34225-5-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF WASHINGTON, | ) | |
| DEPARTMENT OF SOCIAL AND | ) | UNPUBLISHED OPINION |
| HEALTH SERVICES, DIVISION OF | ) | |
| CHILDREN AND FAMILY SERVICES; | ) | |
| KIM VAN DOREN; and ANGELA | ) | |
| NEWPORT, | ) | |
| | ) | |
| Respondents. | ) | |

PENNELL, J. — Suzie Fowler appeals the summary judgment dismissal of her claims against the Department of Social and Health Services (DSHS) and its employees. We affirm.

FACTS

This appeal stems from Ms. Fowler's failed attempt to distance herself from her child's biological father. Ms. Fowler applied for public assistance from DSHS on behalf of herself and her child. Normally, an individual in Ms. Fowler's position is required to assist DSHS in collecting child support from a child's noncustodial parent. *See* WAC

388-422-0010. However, on April 6, 2011, Ms. Fowler sought an exemption from this requirement under WAC 388-422-0020 on the basis that her child's biological father, Edwin Twitchell, posed a danger to herself and her child. DSHS did not immediately respond to Ms. Fowler's request.

On April 20, 2011, less than two weeks after Ms. Fowler applied for the exemption, DSHS filed a dependency action regarding Ms. Fowler's child. The superior court ordered notice of the dependency petition and corresponding fact-finding hearing be sent to both Ms. Fowler and Mr. Twitchell. In compliance with this order, Mr. Twitchell was sent a notice of the dependency petition on April 28, 2011.

On May 13, 2011, DSHS issued a good cause decision, granting Ms. Fowler's request to be excused from cooperating with child support collection. The decision was effective until October 6, 2011, at which point it was subject to review. The decision also stated, "Based on our decision about the best interest of your child, [the Division of Child Support] will close your case and not try to establish paternity, enter a support order, nor collect/enforce the Noncustodial Parent's support obligation." Clerk's Papers at 125.

Approximately three years after the good cause decision, Ms. Fowler filed the current lawsuit. Relevant to this appeal, Ms. Fowler claimed DSHS was negligent and violated her right to privacy by notifying Mr. Twitchell of the dependency petition.

2

No. 34225-5-III
*Fowler v. Dep't of Soc. & Health Servs.*

DSHS successfully moved for summary judgment dismissal of the claims. Ms. Fowler appeals.

## ANALYSIS

Ms. Fowler's claims hinge on her belief that DSHS's good cause decision conferred to her a broad right of privacy with respect to the parentage of her child. There are two fundamental flaws with this premise. Most obviously, the good cause decision was not issued until after the dependency petition was filed and the court ordered service on Mr. Twitchell.[1] But more fundamentally, the good cause decision did not afford the kind of protection claimed by Ms. Fowler. The decision was not a court order. It applied only to administrative actions regarding collection of child support. The decision had no bearing on the shelter care and dependency proceedings, both of which require parental notification. RCW 13.34.062, .070. Furthermore, because Ms. Fowler identified Mr. Twitchell as her child's biological father, she cannot now fault DSHS or its employees for failing to notify her child's "presumed" father[2] of the shelter care and dependency proceedings. RCW 26.26.116.

---

[1] The record on appeal includes DSHS's good cause decision, but not the application. Our analysis is therefore based on the contents of the decision as well as the corresponding administrative code, WAC 388-422-0020.

[2] At the time her child was born, Ms. Fowler was legally married to a man named Chris Grisham.

3

No. 34225-5-III
*Fowler v. Dep't of Soc. & Health Servs.*

Apart from her arguments regarding the good cause decision, Ms. Fowler claims

DSHS improperly disclosed other confidential documents. The record does not support

this claim.

## CONCLUSION

The judgment of dismissal is affirmed. DSHS's request for attorney fees is denied.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Pennell, J.

WE CONCUR:

Fearing, C.J.

Korsmo, J.

4